**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-312 (1) |
| | § | C.A. No. C-08-106 |
| JACKIE PERKINS LARA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**

On April 2, 2008, the Court received from Defendant Jackie Perkins Lara ("Lara") a motion styled as a motion under 28 U.S.C. § 2255. (D.E. 66.) This followed a prior motion for home confinement, which was received by the Clerk on February 25, 2008. (D.E. 65.) Additionally, on April 2, 2008, Lara filed another motion titled as a "Motion for Preliminary Injunction and Motion for Home Confinement." (D.E. 68.) All three pending motions raise essentially the same claim or ask for the same relief. All three are pending before the Court and are addressed herein.

Additionally, the Court had ordered the United States to respond to Lara's § 2255 motion. (D.E. 67.) The United States' combined response and motion to dismiss were filed on May 15, 2008. (D.E. 69, 70.)

For the reasons set forth below, the Court concludes that the relief sought by Lara is not properly brought in a § 2255 motion, but instead should have been filed as part of a motion pursuant to 28 U.S.C. § 2241. In any event, this Court does not have authority to grant the relief she seeks to the extent she is asking for an amended sentence. Moreover, even if she had properly brought a § 2241 motion, Lara has not shown she is entitled to relief, particularly because subsequent events

1

have mooted her claims. For these reasons, set forth in more detail below, the Court DENIES Lara's motions for home confinement and also DENIES her § 2255 motion.

## I. BACKGROUND

Lara pleaded guilty to one count of the four-count indictment against her pursuant to a written plea agreement with the government. (D.E. 38; see also Minute Entry dated July 30, 2007.) On October 19, 2007, this Court sentenced her to 15 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment. (D.E. 60; see Minute Entry dated October 19, 2007.) Judgment of conviction and sentence was entered on October 23, 2007. (D.E. 60.) Lara did not appeal.

## II. MOVANT'S ALLEGATIONS

In her first motion for home confinement, Lara merely asked that she be "granted home confinement." (D.E. 65 at 1.) Her explanation for why the Court should grant her that relief was that she suffers from multiple health disorders, is a "victim" of hurricane Katrina, and that her children and grandchildren need her. (D.E. 65 at 1-2.) She also pointed to her lack of prior criminal history in support of her request. (D.E. 65 at 2.)

In her § 2255 motion, Lara again asks to be placed on home confinement, but her rationale has changed. In this motion, Lara claims that the Bureau of Prisons is violating her rights under the Fourteenth Amendment by failing to place her in a halfway house or on home confinement for the last six months of her sentence. She claims that the BOP's failure to move her to such a placement subjects her to treatment that is different than similarly-situated defendants who were sentenced outside the Fifth Circuit. (D.E. 66 at 1-3.) She asks that the Court either "amend her sentence" to include 6 months of placement in a halfway house, or grant her home confinement. (D.E. 66 at 3.)

Her third motion asks for a transfer to home confinement while her § 2255 motion is pending and reiterates many of the arguments raised in her § 2255 motion. (D.E. 68.)

In its response, the government contends that Lara's motions have been mooted by the passage of the Second Chance Act of 2007, Pub. L. No. 110-199 ("the Act"), which was signed into law on April 9, 2008. (D.E. 69 at 3.) The government has also provided the affidavit of Kimberly Gwara, a Unit Manager at the Federal Detention Center where Lara is incarcerated, which explains the BOP's placement decisions regarding Residential Re-Entry Centers ("RRCs").[1] (D.E. 69 at Attachment 1, "Gwara Aff.") Specifically, since the passage of the Act, the BOP no longer utilizes categorical time-frame limitations on pre-release community confinement nor does it use the former policies Lara is challenging. (Gwara Aff. at ¶¶ 5-6.) Moreover, Gwara avers that Lara's projected release date is October 9, 2008 and that, consistent with the Act and the BOP's new policy, Lara has been given a date of August 1, 2008 for entry into a RRC. (Gwara Aff. at ¶ 7.) Her previous RRC release date, before the passage of the Act, was September 1, 2008. (Id.)

### III. DISCUSSION

As an initial matter, the Court must determine the proper characterization of Lara's motions. Although she has styled one of her motions as a motion under 28 U.S.C. § 2255, Lara's motions challenge the manner in which the BOP is carrying out her sentence. Such challenges are properly brought in a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2

---

[1] RRCs were formerly referred to as "halfway houses."

(5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Moreover, even if her motions were construed as being brought under § 2241,[2] Lara is not entitled to relief for several reasons. First, to the extent she is asking for an amendment of her sentence, this Court is not authorized to grant that relief. Instead, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Lara fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter Lara's sentence.

Additionally, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Indeed, in United States v. Sneed,

---

[2] Lara is incarcerated in Houston, Texas, which is in the Southern District of Texas and thus this Court would be the proper court to consider such a motion. See Pack, 218 F.3d at 451 (§ 2241 motions should be brought in the district where the petitioner is incarcerated). Lara has not asserted nor shown, however, that she has exhausted her administrative remedies. She would have to do so in order to be entitled to relief under § 2241. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992) (the law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence).

63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Lara on home confinement, not this Court's.

The second reason Lara's motions fail is that, to the extent that she is raising a constitutional challenge to the manner in which the BOP is carrying out her sentence, that challenge has been rendered moot by subsequent events. As set forth in the government's answer and supporting affidavit, the policies Lara challenges as violating her Fourteenth Amendment rights are no longer being used by the BOP. Indeed, as a result of its discontinuance of those policies, Lara is being placed in a RRC 30 days earlier than she would have been under the BOP's old policies. Based on this, the government argues that Lara's claims are moot, because the policies she was challenging are no longer in place by the BOP.

The Court agrees. Significantly, Lara challenges policies no longer in force and no longer being used to determine her placement. Furthermore, as noted by the government, Lara had asked this Court to order the BOP to evaluate her RRC placement designation under 18 U.S.C. § 3621(b). (D.E. 66 at 1.) That has now been done, however. Because there is no live controversy before the court, Lara's motions are moot and therefore DENIED. See Center for Individual Freedom v. Carmouche, 449 F.3d 655, 661 (5th Cir. 2006) ("Generally, any set of circumstances that eliminates

actual controversy after the commencement of a lawsuit renders that action moot.").

## IV. **CONCLUSION**

For the foregoing reasons, Lara's motions for home confinement (D.E. 65, 68) and her motion pursuant to 28 U.S.C. § 2255 (D.E. 66) are DENIED.

It is so ORDERED.

Signed this 31st day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE